**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CALVIN L. LIPTROT,

                Petitioner,

                             CIVIL NO. 2:18-CV-13126

v.                            HONORABLE PAUL D. BORMAN
                             UNITED STATES DISTRICT COURT

CONNIE HORTON, [1]

                Respondent.

_____/

## OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Calvin L. Liptrot, ("Petitioner"), confined at the Chippewa Correctional

Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his

conviction for operating a vehicle while intoxicated causing death, Mich. Comp.

Laws § 257.625(4)(a), failure to stop at the scene of an accident resulting in

serious impairment or death, Mich. Comp. Laws § 257.617(3), and being a fourth

_____

    [1] The Court amends the caption to reflect that the proper respondent in this case is now Connie Horton, the warden of the prison where petitioner is currently incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

1

felony habitual offender, Mich. Comp. Laws § 769.12. Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

## I. BACKGROUND

Petitioner pleaded *nolo contendere* in the Kent County Circuit Court and was sentenced to ten to forty years in prison.

Direct review of petitioner's conviction ended in the state courts on October 22, 2014, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Liptrot,* 497 Mich. 882, 854 N.W. 2d 712 (2014).

On December 7, 2015, petitioner filed a motion for modification of restitution with the trial court, which was denied on December 15, 2015. (ECF 7-1, Pg ID 46).

On August 3, 2016, petitioner filed a motion to correct an invalid sentence in the trial court, which was denied on August 4, 2016. (ECF 7-1, Pg ID 46).

There is no indication that petitioner ever appealed the denial of this motion. [2]

Petitioner's habeas petition is signed and dated October 4, 2018. [3]

## II. DISCUSSION

Respondent filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

---

[2] See www.micourts.gov.; www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

[3] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on October 4, 2018, the date that it was signed and dated. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).

The Michigan Supreme Court denied petitioner's application for leave to appeal on October 22, 2014. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the

date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on January 20, 2015, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than January 20, 2016 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed a motion to modify restitution with the Kent County Circuit Court on December 7, 2015. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d at 836. In *Wall v. Kholi*, 562 U.S. 545, 553 (2011), the Supreme Court held that the term "collateral review," as used in § 2244(d)(2), refers to a judicial reexamination of a judgment or a claim in a proceeding outside of the direct review process. In so ruling, the Supreme Court quoted with approval the First Circuit's definition in the lower court decision in *Kholi* that "'review' commonly denotes 'a looking over or

5

examination with a view to amendment or improvement.'" *Id.* (internal quotation omitted).

Petitioner's motion to modify restitution did not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2) because the motion did not seek a judicial reexamination of the judgment of conviction. *See Brayboy v. Napel*, No. 2:11-CV-11021, 2012 WL 37395, p. 3 (E.D. Mich. Jan. 9, 2012).

Petitioner did file a motion to correct an invalid sentence in the trial court on August 3, 2016.

Respondent suggests that this motion did not toll the limitations period pursuant to § 2244(d)(2) because it was not properly filed in accordance with the Michigan court rules. An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Id.*

M.C.R. 6.429(B)(4) indicates that if a defendant who seeks to correct an invalid sentence is no longer entitled to file an appeal, he must seek relief by filing a post-conviction motion for relief from judgment under M.C.R. 6.500, *et. Seq.* There are, however, cases in which the Michigan courts have construed a

6

defendant's motion for re-sentencing as a motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq. See e.g. People v. Martin,* 467 Mich. 859; 651 N.W. 2d 915 (2002). This Court previously ruled that a motion to correct sentence is a properly filed post-conviction motion that would toll the limitations period under § 2244(d)(2). *See Javens v. Caruso,* No. 07-CV-10175, 2007 WL 2516827, p. 2 (E.D. Mich. Aug. 31, 2007). It would appear that petitioner's motion to correct sentence would qualify as a properly filed motion for collateral review within the meaning of § 2244(d)(2).

Unfortunately for petitioner, the motion to correct the sentence was filed on August 3, 2016, after the one year limitations period had already expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt,* 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano,* 300 F.3d 717, 718, n. 1 (6th Cir. 2002). The petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

7

in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not

entitled to equitable tolling of the one year limitations period, because he failed to

argue or show that the facts of case support equitable tolling. *See Giles v.*

*Wolfenbarger*, 239 F. App'x. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled if the petitioner

can make a credible showing of actual innocence under the standard enunciated in

*Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386

(2013). The Supreme Court cautioned that "tenable actual-innocence gateway

pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement

unless he persuades the district court that, in light of the new evidence, no juror,

acting reasonably, would have voted to find him guilty beyond a reasonable

doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether

petitioner makes out a compelling case of actual innocence, so as to toll the

AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on

the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.*

(quoting *Schlup*, 513 U.S. at 332). For an actual innocence exception to be

credible under *Schlup*, such a claim requires a habeas petitioner to support his or

her allegations of constitutional error "with new reliable evidence--whether it be

8

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is further inapplicable, in light of the fact that petitioner pleaded *nolo contendere* to the charges that he challenges in this petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his *nolo contendere* plea. *See Connolly v. Howes*, 304 F. App'x. 412, 419 (6th Cir. 2008).

## III. CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate

of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural

10

ruling debatable. No certificate of appealability is warranted in this case.

Accordingly, the Court denies a certificate of appealability. The Court also denies

petitioner leave to appeal *in forma pauperis,* because the appeal would be

frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**IV. ORDER**

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the

petition for a writ of habeas corpus. The Court further **DENIES** a certificate of

appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: MAY 2 8 2019